DREW, J.
|TThe City of Memphis, Tennessee, operates a municipal public utility through its Light, Gas, and Water Division. The natural gas plant is located within the corporate limits of the City of Memphis and Shelby County and provides electric, gas, and water service to residents of the area. In the course of its operations as a municipal public utility, the Memphis Light, Gas, and Water Division (“MLGW’) purchases natural gas, some of which is temporarily stored in West Carroll Parish until needed at peak times during the winter. The parties agree that:
• MLGW is a Tennessee political subdivision;
• the stored natural gas is public property; and
• equivalent volumes of the stored MLGW natural gas were later delivered exclusively to Memphis for sale to MLGW’s customers.
The dispute here is whether the gas is “held for public purposes.” We find that it is, and is thus exempt from Louisiana ad valorem taxes.
FACTUAL BACKGROUND
For the tax years 2009, 2010, 2011, and 2012, West Carroll Parish Assessor Deanna K. Smith assessed this natural gas inventory for ad valorem tax purposes.
West Carroll Parish Sheriff Jerry Phil-ley issued property tax bills totaling $406,041.85 on those assessments.
During the tax years at issue, MLGW purchased natural gas from suppliers who delivered the volumes purchased into Trunkline Gas Company, LLC’s interstate natural gas pipeline system at points in Louisiana and Texas. All of the natural gas received by Trunkline into its pipeline system is commingled as multiple buyers and sellers use the | gpipeline simultaneously. Once an amount of natural gas is delivered into the pipeline for MLGW’s account, energy-equivalent volumes are deliverable to MLGW, pursuant to a computerized scheduling system.
Trunkline also offers storage as a part of its transportation services. MLGW uses a computerized system to nominate volumes for injection, storage, and withdrawal from Trunkline’s storage facility in West Carroll Parish.
MLGW paid the taxes under protest and filed suit against the local public officials, seeking a refund because of its tax-exempt status.
LEGAL DISPUTE
MLGW asserts four different grounds for its claim of exemption, the first of *771 which is dispositive of this dispute. We find that MLGW’s natural gas, stored in West Carroll Parish, is “public property held for public purposes” and therefore exempt under the provisions of Art. VII, § 21(A) of the Louisiana Constitution.[1]
Both parties filed cross-motions for summary judgment that were brought for hearing on June 10, 2013. On July 25, 2013, the trial court ^issued written reasons for judgment holding that the stored natural gas was “public property used for public purposes” and was therefore exempt from property taxation under Art. VII, § 21 of the Louisiana Constitution. We have attached and adopt in toto the trial court’s excellent reasons for judgment.
INITIAL ANALYSIS
Over 60 years ago, the Louisiana Supreme Court ruled ón a facially similar issue in Warren County, Miss. v. Hester, 219 La. 763, 54 So.2d 12 (1951). That case held in dicta that for taxation purposes, “public property” refers only to property of Louisiana and its political subdivisions.
The trial court here referenced Hester, supra, but declined to follow the ruling, stating, “this court does not feel constrained to follow the reasoning and ruling of Hester” noting that “the limiting terms ‘Louisiana’ or ‘Louisiana political subdivisions’ do not appear in the constitutional provision providing for the exemption of ‘public property used for public purposes’.”
The trial court held that:
• the general rule for interpreting constitutional provisions is to give words their generally understood meaning;
• when a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect;
• the natural gas owned by MLGW is public property used for public purposes and as such, is exempt from taxation under Art. VII, § 21(A);
• the exemption of public property used for public purposes is not limited to the public property of the State of Louisiana or its political subdivisions;
L* MLGW, being exempt from ad valorem taxation in Louisiana, was due a refund of all taxes paid under protest; and
• since MLGW was granted full relief on this one issue, the court pretermitted consideration of the other claims of MLGW.
Sheriff Philley and Assessor Smith appealed. We affirm in all respects.
DISCUSSION

1. Does the term “public property” apply only to Louisiana owned property?

In the ruling under review, the trial court concluded that the natural gas that is *772 the subject of the underlying suits was exempt from property taxation under the provisions of Art. VII, § 21(A) of the Louisiana Constitution, which provides:
In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation: (A) Public lands; other public property used for public purposes.
Hester, supra, allowed property taxes on a Warren County toll bridge that crossed the Mississippi River from Vicksburg to Louisiana. The Hester court made an extraneous comment in its opinion that the public property exemption did not extend to the property of other states and their political subdivisions.[2] The trial court in the instant case disagreed, as do we.
|fiWe recognize the strict analysis required in exemption cases.[3] We also know that our review is de novo. We totally agree, however, with the trial court’s application of the first rule of constitutional interpretation, that when a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect.[4] The constitutional language here could not be clearer.

2. Is the stored natural gas being “used for public purposes”?

Keith Knowles is the supervisor of energy resources for the City of Memphis. When he was asked in his deposition how the gas was used, he answered, “This gas is used to meet the demands of our customers, either by, to heat their homes for residential customers, or to heat their hot water heaters. For commercial and industrial customers it is used to also heat their buildings, their [air] conditioned space. It can also be used in the process of a business, such as a cleaners is using natural gas in the process of their business.”
In an affidavit, Mr. Knowles stated that MLGW:
• has neither physical control of nor legal authority over the pipeline;
• had the gas stored in order to meet the public need, not any profit motive;
• does not make a profit on its sales of natural gas to its customers;
• does not store natural gas for speculative purposes;
Is* does not “buy low” and “sell high”; and
• stores gas to ensure that it is able to meet the fundamental needs of its customers when winter comes to Memphis.
By affidavit, Rodney Cleek stated that he was an employee of MLGW, serving as the assistant manager of the Budget, Plant and Rates Department. He advised that the property tax paid by MLGW for 2009-2012 was passed through and incurred by MLGWs customers, located in Shelby County, Tennessee.
By affidavit, Cheryl W. Patterson stated that she was employed by MLGW as vice *773 president and general counsel. She advised that MLGW:
• does not maintain an office or other physical facilities in Louisiana;
• does not own or operate the subject storage facility; and
• does not maintain any employees or representatives in Louisiana.
Ms. Patterson further stated that “the natural gas at issue in the petitions is municipally-owned property used for the public purpose of supplying the individual and corporate residents and citizens of the City of Memphis and Shelby County, Tennessee with natural gas services.”
Appellants argue that:
• the passive act of storing gas does not rise to the level of “use,” as required by the exemption; and
• the natural gas at issue was not used for “public purposes” after leaving storage in West Carroll Parish.
On the contrary, supplying energy for heating in the dead of winter seems to be the most basic public service owed by a city to its citizens. ^Accordingly, we find that the natural gas is used for public purposes.[5]

3. Does La. Const. Art. VII, § 21(A) exempt the stored gas from taxation?

We agree with the trial court that this property is exempt from ad valorem taxes, for these five reasons.
(1) Hester, swpra, is factually distinguishable.[6]
(2) The sheriff and assessor rely upon dicta in Hester.[7]
(3) One 60-year-old judicial decision is not jurisprudence constante.[8]
(4) The language of La. Const. Art. VII, § 21(A) is clear.[9]
(5) Supplying natural gas to the public is a use for a public purpose.[10]
*774 |sThe position of the Louisiana public officials here is untenable. If the sheriff and assessor are correct, there will effectively be a Louisiana tariff collected from Tennessee consumers for natural gas stored in Louisiana, awaiting transit to the Memphis gates for use by its citizens.
The trial court was correct that natural gas stored in Louisiana for the account of MLGW is exempt from taxation. We find no error in the pure reasoning of the trial court on the asserted issues before us in this matter.[11] MLGW is entitled to summary judgment as a matter of law that the natural gas stored for MLGW’s account is exempt from property tax pursuant to La. Const. Art. VII § 21(A).
DECREE
The judgment of the trial court in favor of Memphis Light, Gas, and Water Division, appellee, and against appellants, Hon. Jerry L. Philley, in his public capacity as Sheriff and Tax Collector of West Carroll Parish, and Hon. Deanna K. Smith, in her public capacity as Assessor of West Carroll Parish, is affirmed.
| aAll court costs have been paid. Further costs are not assessed. La. R.S. 13:4521.
AFFIRMED.
JjjEXHIBIT A
_b
*775 [[Image here]]
*776 [[Image here]]
*777 [[Image here]]
*778 [[Image here]]
*779 [[Image here]]
*780 [[Image here]]
*781 [[Image here]]
*782 [[Image here]]
*783 [[Image here]]

. MLGW’s other claims may well have merit, but the resolution of the other issues is unnecessary for the disposition of this dispute.
Other claims asserted by MLGW:
• The natural gas belonging to MLGW and held in storage in West Carroll Parish is "personal property in private storage moving through Louisiana in interstate commerce" and therefore exempt under Art. VII § 21(D)(3) of the Louisiana Constitution;
• The assessment of ad valorem tax on the natural gas belonging to MLGW and held in storage in West Carroll Parish is a violation of the Commerce Clause of the United States Constitution as Louisiana residents receiving natural gas from a similarly situated Louisiana political subdivision would not bear the burden of paying a property tax on the natural gas; and
• The assessment of ad valorem tax on the natural gas belonging to MLGW and held in storage in West Carroll Parish violates the Due Process and Equal Protection Clauses of the United States and Louisiana Constitutions.

. "We think it plain that the exemption of all public property has reference only to property of Louisiana and its political subdivisions. There is no reason whatever to believe that the people of Louisiana, in adopting their constitution, intended to exempt from taxation the local property of foreign countries, other states or their political subdivisions.”

. In Sherwood Forest Country Club v. Litchfield, 2008-0194 (La. 12/19/2008), 998 So.2d 56, our Supreme Court held that tax exemptions are strictly construed against the taxpayer, whose stringent burden is to overcome the judicial maxim that "to doubt is to deny the exemption.”

. Indest-Guidry, Ltd. v. Key Office Equip., Inc., 2008-599 (La.App. 3d Cir.11/5/08), 997 So.2d 796, writ denied, 2008-2851 (La.2/6/09), 999 So.2d 782.

. MLGW points out that the allowable scope of review would enable this court to affirm the trial court’s judgment on the same or other legal ground. We agree, but we find we can base this opinion upon the trial court’s precise reasoning in finding that MLGW’s stored natural gas is exempt from ad valorem taxation, pursuant to La. Const. Art. VII, § 21(A). The trial court was not required to rule on any of the other alternative arguments of MLGW, as its ruling was predicated upon the most obvious issue, i.e., that this dispute involves "public property used for public purposes." We also do not reach the alternative arguments.

. In Hester, the toll bridge at issue was built by private capital and was operated as a private business venture until acquired by Warren County. The Louisiana Supreme Court focused its ruling on the fact that the bridge had never been properly dedicated for public use.

. The Hester court indeed commented that the exemption applied only to property owned by Louisiana and its political subdivisions. This language, however, was in no way necessary to the disposition of the case. Accordingly, Sheriff Philley and Assessor Smith are relying on mere dicta, which are not binding. The trial court properly chose not to apply that judicial surplusage.

. Only where a long line of cases within the state has followed the same reasoning may that reasoning be recognized as authority under the civil law principle of jurisprudence constante. There is no such line of cases following the reasoning in Hester, supra.

. La. Const. Art. VII, § 21(A) expressly exempts public property used for public purposes from ad valorem taxation. Neither the term “Louisiana” nor "Louisiana political subdivisions” appears in this constitutional provision. The trial court was indeed "bound under our Constitution and the Civil Code to uphold and abide by the law” in its ruling.

. There is ample support for this proposition in Louisiana statutory law:
La. R.S. 30:22. Underground storage of natural gas, liquid hydrocarbons, and carbon dioxide
A. The underground storage of natural gas, liquid hydrocarbons, and carbon diox *774 ide which promotes conservation of natural gas or liquid hydrocarbons, or which permits the building of large quantities of natural gas or liquid hydrocarbons in reserve for orderly withdrawal in periods of peak demand, making natural gas or liquid hydrocarbons more readily available to the consumer, or which provides more uniform withdrawal from various gas or oil fields, each is in the public interest and for a public purpose.

. We resolve all of the following issues in the negative:
• Did the trial court err in finding that natural gas owned by the City of Memphis and held in storage in West Carroll Parish was exempt from ad valorem property taxation?
• Did the trial court err in failing to follow the Louisiana Supreme Court's ruling in Warren County, Miss. v. Hester, supra, and declaring that natural gas owned by the City of Memphis was "public property” within the meaning of Art. VII, § 21(A) of the Louisiana Constitution?
• Did the trial court err in finding that the natural gas held in storage in West Carroll Parish was being "used for a public purpose”?
• Did the trial court err in ordering a full refund of taxes paid under protest?